IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VERNA ANDERSON  PLAINTIFF

v.  CIVIL NO. 06-5090

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration  DEFENDANT

### MEMORANDUM OPINION

Plaintiff Verna Anderson brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (Commissioner) finding she is no longer entitled to disability benefits under the provisions of Titles II and XVI of the Social Security Act as of March 1, 2001, due to medical improvement.

**Procedural Background:**

Plaintiff filed her current applications for DIB and SSI on August 8, 1996. (Tr. 146). Plaintiff was found to have become disabled as of March 3, 1996, by an ALJ's decision dated June 20, 1997. (Tr. 237-241). Pursuant to the continuing disability review process, plaintiff was determined to no longer be disabled as of March 1, 2001. (Tr. 268-273, 274-278, 280-282). A hearing was held on September 16, 2002, and the cessation of plaintiff's disability benefits was affirmed by a decision dated November 26, 2002. (Tr. 53-97, 251-261). Plaintiff appealed the ALJ's November 26, 2002, decision and the Appeals Council remanded the case on November 14, 2003. (Tr. 332-334). A subsequent hearing before an ALJ was held on July 28, 2004, at

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

AO72A
(Rev. 8/82)

which plaintiff, represented by counsel, appeared and testified. A lay witness and a vocational expert also testified. (Tr. 98-134). The ALJ issued the administrative decision at issue before this court on September 8, 2004, that plaintiff had experienced medical improvement related to her ability to work, and that plaintiff was capable of performing the exertional and nonexertional requirements of work at the medium level of exertion. (Tr. 27-39). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on March 14, 2006. (Tr. 15-17). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties.

**Discussion:**

Our review of an administrative decision to deny Social Security benefits is limited and deferential to the agency. *See Ostronski v. Chater,* 94 F.3d 413, 416 (8th Cir. 1996). If substantial evidence in the record as a whole supports the administrative decision, it must be affirmed. *Id.* Substantial evidence means more than a mere scintilla of evidence, it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Smith v. Shalala*, 31 F.3d 715, 717 (8th Cir. 1994). In deciding whether the Commissioner's findings are supported by substantial evidence, the court must base its decision on all of the evidence in the record and not just the evidence favorable to the Commissioner, *Universal Camera Corp. v. National Labor Rel. Bd.*, 340 U.S. 474, 487-88 (1951), and must take into account whatever in the record fairly detracts from its weight. *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992). "It is not our task, however, to review the evidence and make an independent decision. If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the

Commissioner's findings, we must affirm the denial of benefits." *Ostronski,* 94 F.3d 416-417 (*quoting Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

The initial, crucial question in a case such as this is whether the claimant's condition has improved since the prior award of disability benefits. *Nelson v. Sullivan*, 946 F.2d 1314, 1315 (8th Cir. 1991). "The claimant in a disability benefits case has a `continuing burden' to demonstrate that [she] is disabled, . . . and no inference is to be drawn from the fact that the individual has previously been granted benefits." *Id.* (internal citation omitted); 42 U.S.C. § 423(f). If a claimant meets this initial burden, the responsibility then shifts to the Commissioner to demonstrate that the claimant is not disabled. *Id.* (citing *Lewis v. Heckler*, 808 F.2d 1293, 1297 (8th Cir. 1987)). "If the government wishes to cut off benefits due to an improvement in the claimant's medical condition, it must demonstrate that the conditions which previously rendered the claimant disabled have ameliorated, and that the improvements in the physical condition are related to claimant's ability to work." *Nelson*, 946 F.2d at 1315; 20 C.F.R. § 404.1594(b)(2)-(5).[2]

According to regulations promulgated by the Commissioner, "medical improvement" is defined as any decrease in the medical severity of an impairment which was present at the time of the most recent favorable medical decision that the individual was disabled or continued to be disabled. 20 C.F.R. § 404.1594(b)(1); *Nelson,* 946 F.2d at 1315-1316. A determination that

---

[2]Pursuant to the regulations, the Commissioner is required to follow specific steps in determining whether disability continues. The steps are: (1) Is the individual engaging in substantial gainful activity (SGA)? (2) Does the individual have an impairment which meets or equals the severity of an impairment listed in Appendix 1? (3) Has there been medical improvement? (4) If there has been medical improvement, is it related to the ability to work? (5) Do any exceptions to the medical improvement standard apply if there has not been a medical improvement or if the improvement is not related to the ability to work? (6) Does the individual have a severe impairment or combination of impairments? (7) Can the individual do past relevant work? (8) Can the individual do any other work? 20 C.F.R. § 404.1594(f).

there has been a decrease in medical severity must be based on changes in symptoms, signs, and/or laboratory findings associated with the impairment. *Id.* Medical improvement is related to the ability to do work if there has been a decrease in the severity of the impairment and an increase in the individual's ability to do basic work activities. *Id.* at § 404.1594(b)(3).

After reviewing all the evidence of record we are concerned with the ALJ's RFC determination regarding plaintiff's physical capabilities. In finding plaintiff able to perform a significant range of medium work, the ALJ discounted Dr. Travis Embry's opinion that plaintiff was unable to work due to her physical limitations. In the September of 2004 opinion, the ALJ found that it was the Commissioner's duty to determine a claimant's ability to work and that Dr. Embry's assessment of plaintiff's limitations appeared to be more of an acquiescence of a patient of long-standing rather than a genuine medical assessment of discrete functional limitations based on clinical established pathologies. (Tr. 33).

The fact that a physician is not trained in the statutes and regulations of the Social Security Act does not preclude the physician from evaluating the plaintiff. The physician's findings and conclusions constitute substantial evidence which must be carefully weighed by the ALJ and the Commissioner. Unless there is medical evidence that contradicts or refutes the physician's medical conclusion, the Commissioner is *bound* to treat the treating physician's diagnosis and conclusion as substantial evidence. This approach is consistent with Social Security Regulations that grant controlling weight to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the case. See 20 C.F.R. § 416.927(d)(2) (1993) (effective Aug. 1, 1991); *Nelson v. Sullivan,* 966 F.2d 363, 367-68 (8th Cir.1992)

(recognizing that "the new regulation merely codifies this circuit's law regarding the opinions of treating physicians"). *Morse v. Shalala* 16 F.3d 865, 872 -873 (8th Cir.1994), citing *Bastien v. Califano,* 572 F.2d 908, 912 (2d Cir.1978); see also *Whitney v. Schweiker,* 695 F.2d 784, 789 (7th Cir.1982) ("If the ALJ concludes that a treating physician's evidence is credible, therefore, he should give it controlling weight in the absence of evidence to the contrary because of the treating physician's greater familiarity with the plaintiff's conditions and circumstances.")

The Code of Federal Regulations sets forth additional factors, to assist the ALJ in determining what weight should be afforded to the opinion of a given physician, including a treating physician. The Regulations encourage the ALJ to afford more weight to those opinions which are "more consistent with the record as a whole." 20 C.F.R. § 416.927(d)(4). More weight is also to be extended to "the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 416.927(d)(5). When presented with a treating physician's opinion, the ALJ is obligated to examine the nature and extent of the treatment relationship, attributing weight to such an opinion that is proportionate to the knowledge that the medical provider has about the plaintiff's impairments. 20 C.F.R. § 416.927(d)(2)(ii). Additionally, the ALJ must either attempt to reconcile the medical reports of the treating physicians with those of the consulting physicians, or direct interrogatories to each of the physicians to obtain a more substantiated opinion of the plaintiff's capabilities and the onset of her disabilities. See *Smith v. Schweiker,* 28 F.2d 1158, 1163 (8th Cir.1984); *O'Leary v. Schweiker,* 710 F.2d 1334, 1342 (8th Cir.1983); *Funderburg v. Bowen* 666 F.Supp. 1291, 1298 -1299 (W.D.Ark.,1987).

In making the RFC determination, the ALJ appears to have relied on a June 6, 2001, RFC assessment completed by a non-examining medical consultant. (Tr. 497). We are particularly troubled by this because medical evidence dated after June of 2001, reports plaintiff's repeated complaints of back pain and x-ray evidence revealing a 15 mm of spondylolisthesis at L5-S1, possible bilateral L5 pars interarticularis defects and severe degenerative changes at the L5-S1 level with more mild degenerative changes noted in the visualized aspects of the lower thoracic spine and the remainder of the lumbar spine. (Tr. 700). Based on the entire evidence before the court, we believe remand is warranted so that the ALJ can further develop the record regarding plaintiff's physical RFC.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, including Dr. Embry, asking the physicians to review plaintiff's medical records and complete a RFC assessment regarding plaintiff's capabilities during the time period in question. The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition and level of pain, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917. With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence, such as limitations in sitting, standing and bending.

With regard to plaintiff's alleged mental impairments, the ALJ found plaintiff no longer had a severe impairment. We strongly suggest the ALJ address plaintiff's diagnosis of depression and

AO72A
(Rev. 8/82)

anxiety. We note the medical evidence reveals plaintiff started taking medication for anxiety and depression in 2003. (Tr. 695).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of April 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE